IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| JOSEPH CHANCE SLATER, : | |
| : | |
| Plaintiff, : | |
| VS. : | NO. 7:22-CV-00063-WLS-TQL |
| : | |
| Officer WILLIAMS, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

*Pro se* Plaintiff Joseph Chance Slater, an inmate currently incarcerated at the Thomas County Jail in Thomasville, Georgia, has filed documents that have been docketed as a complaint and amended complaint seeking relief under 42 U.S.C. § 1983 (ECF Nos. 1, 3). On July 25, 2022, Plaintiff was ordered to recast his complaints on the Court's standard form and submit a complete and proper motion for leave to proceed *in forma pauperis*, to include a certified copy of his prison trust account information. Plaintiff was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Complaint. *See generally* Order, July 25, 2022, ECF No. 4.

The time for compliance passed without a response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for failing to follow the Court's orders and instructions. Plaintiff was again given fourteen (14) days to comply, and he was warned that the failure to timely and fully comply with the Court's

orders and instructions would result in the dismissal of this action. *See generally* Order, Sept. 6, 2022, ECF No. 5.

The time for compliance with the September 6, 2022 Order has now passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's orders and instructions and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice.** *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 30th day of September, 2022.

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

2